In re Alan M. WEISS, Debtor.

**DISTRICT 5, UNITED MINE WORKERS OF AMERICA; and Local 6132, United Mine Workers of America, Plaintiffs,**

v.

**Alan M. WEISS, Defendant.**
(Two Cases)

**Bankruptcy No. 89–2901–BM.**
**Adv. Nos. 90–0459–BM, 91–0157–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

July 9, 1991.

Edward A. Olds, Pittsburgh, Pa., for plaintiff United Mine Workers.

Paul R. Yagelski, Pittsburgh, Pa., for debtor, defendant.

MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Plaintiffs in the above-captioned adversary actions are the collective bargaining

agent for employees of Penn Hills Energy, Inc., and the local representative of those employees, respectively. Defendant is the debtor in the underlying bankruptcy case and also is the majority shareholder and President of Penn Hills Energy, Inc. (hereinafter "Penn Hills").

Plaintiffs seek in Adversary No. 90–0459–BM to recover from debtor unpaid wages and other compensation owing to employees of Penn Hills pursuant to a collective bargaining agreement executed by debtor as President of Penn Hills Energy. According to plaintiffs, debtor qualifies as an employer under the Pennsylvania Wage Payment and Collection Law (hereinafter "WPCL") and therefore is personally liable for the amounts due and owing.

Plaintiffs seek in Adversary No. 91–0157–BM to have the purported debt owed to them by debtor declared nondischargeable pursuant to 11 U.S.C. § 523(a) and to deny debtor a discharge pursuant to 11 U.S.C. § 727(a).

Defendant seeks to have both adversary actions dismissed. He argues that Adversary No. 90–0459–BM must be dismissed because plaintiffs' cause of action under WPCL is pre-empted by federal law. He further argues that Adversary No. 91–0157–BM must be dismissed because plaintiffs are not his creditors and therefore lack standing to bring that action. Defendants deny that WPCL is pre-empted by federal law and deny that they lack standing.

Defendant's motions will be granted. Both adversary actions will be dismissed with prejudice for reasons set forth below.

## –I–
### ADVERSARY NO. 90–0459–BM

Plaintiffs contend that debtor, as majority shareholder and President of Penn Hills, qualifies as an "employer" under 43 P.S. § 260.2(1) of WPCL and therefore is personally liable for all unpaid wages and other compensation owed to members of Local 6132 who provided services to Penn Hills.

The definition of "employer" set forth in WPCL is pre-empted in this case by the definition of "employer" set forth in the National Labor Relations Act (hereinafter "NLRA"). *District 2 By Gormish v. Hinks*, 67 B.R. 883, 889 (Bankr.W.D.Pa. 1986)[1]. As a consequence, this adversary action must be dismissed. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–221, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985).

This court relied in *Hinks* upon the Supreme Court's analysis in *Lueck* in arriving at its decision. *See, e.g., Hinks*, 67 B.R. at 886–887. Plaintiffs argue that this court should re-examine its holding in *Hinks* in light of the Supreme Court's decision in *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), which was decided some three years after *Lueck*.

Plaintiffs' contention is without merit. *Lingle* in no way departed from or rejected the principles set forth in *Lueck*. There is nothing in *Lingle* that mandates a result in this case different from the result in *Hinks*.

The Supreme Court stated in *Lueck* that state law rights and obligations "... that do not exist independent of private agreements ... are preempted by those agreements". *Lueck*, 471 U.S. at 213, 105 S.Ct. at 1912. The focus of inquiry is on whether state law confers non-negotiable rights on employers or employees:

> ... *independent* of any rights established by contract, or, instead, whether evaluation of ... [the state-law claim] is *inextricably intertwined* with consideration of the terms of the labor contract. If the state ... law purports to define the relationship, that law is pre-empted (emphasis added).

*Id.*

This principle was not rejected or modified in any way in *Lingle*. To the contrary, the Supreme Court in *Lingle* cited to *Lueck* approvingly and reaffirmed the same basic principle:

---

1. *Gormish* was referred by the district court to the bankruptcy court for the purpose of making recommended findings of fact and conclusions of law. The Opinion and Order of the bankruptcy court were adopted by the district court at C.A. No. 86–39.

In sum, we hold that an application of state law is preempted by § 301 of the Labor Management Relations Act only if such application requires the interpretation of a collective bargaining agreement.

*Lingle*, 486 U.S. at 412–413, 108 S.Ct. at 1885.

■ The primary significance of *Lingle* appears to lie in the Supreme Court's rejection of one type of dependence as sufficient to justify pre-emption. The mere dependence of a state-law claim upon the identical set of facts as would be required to resolve a dispute arising under a collective bargaining agreement is not sufficient to require pre-emption:

> ... [E]ven if dispute resolution pursuant to a collective bargaining agreement, on the one hand, and state law, on the other, would require addressing the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" for § 301 preemption purposes.

*Lingle*, 486 U.S. at 409, 108 S.Ct. at 1883.

■ The dependence present in this case is *not* the sort of dependence which was rejected in *Lingle*. Resolution of plaintiffs' claim under WPCL is not dependent solely upon the same set of facts as would be required to resolve a similar dispute arising under the collective bargaining agreement. To the contrary, plaintiffs' state-law claim that debtor is liable for unpaid wages and other compensation provided for under the collective bargaining agreement cannot be resolved without considering the terms of that agreement and therefore is pre-empted. *Lingle*, 486 U.S. at 412–413, 108 S.Ct. at 1885.

■ Plaintiffs recently submitted their grievance against Penn Hills to arbitration. They charged Penn Hills with violating various provisions of the collective bargaining agreement. Debtor, in his individual capacity, was not named as a party to that proceeding and, accordingly, he could not and did not participate therein. Penn Hills elected not to appear. A hearing on the matter was held before an arbitrator on January 3, 1991, wherein it was determined that Penn Hills had violated various provisions of the collective bargaining agreement. No determination was made with respect to debtor.

Plaintiffs argue that their action against debtor under WPCL is not pre-empted in light of the arbitration proceeding. They contend that the collective bargaining agreement need not be considered in this case because that step was taken in the arbitration proceeding.

This contention is without merit. Because he was not a party to that proceeding, debtor, as an individual, would not have been permitted to participate. Serious questions concerning debtor's right to due process would arise were any weight accorded to determinations by an arbitrator in a proceeding in which debtor was not a participant.

The arbitrator's decision that Penn Hills has violated the collective bargaining agreement does not obviate the need to interpret said contract in dealing with the questions herein. Clearly a review thereof is necessary to determine whether it applies to debtor and, if it does, whether he is personally liable for any violation thereof. Equally clearly, the WPCL is pre-empted by federal law.

–II–

ADVERSARY NO. 91–0157–BM

The complaint in this adversary action consists of two counts. Plaintiffs allege in Count I that debtor made false representations to union officers that Penn Hills would provide health insurance benefits and had paid workers compensation premiums for its employees in order to induce its employees to work for Penn Hills. They seek a determination that the debt owed by debtor to the members of Local 6132 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Plaintiffs allege in Count II that debtor has made false oaths and statements in the underlying bankruptcy case and has attempted to conceal property of the estate. They ask that debtor be denied a discharge pursuant to 11 U.S.C. § 727(a).

### A.) *Count I*

11 U.S.C. § 523(a) provides in relevant part that:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt—

&ast; &ast; &ast; &ast; &ast; &ast;

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

The language of this provision expressly provides that a discharge does not apply to certain debts owed by a debtor. It is a precondition of the applicability of § 523(a) that the debtor owe a debt[2] to the objecting party. If there is not such debt then, obviously, one cannot seek to have it declared non-dischargeable.

■ Count I of this adversary action is predicated upon a determination that debtor is liable to plaintiffs in Adversary No. 90–0459–BM. Plaintiffs admitted in oral argument that the debt which they seek to have declared nondischargeable is the debt arising therein.

It already has been determined that no debt is owed to plaintiffs by debtor under the WPCL because the WPCL is pre-empted in this instance by federal labor law. The action brought in Count I of this adversary action therefore must be dismissed. Plaintiffs cannot bring an action to have a debt declared non-dischargeable when there is no such debt or liability owing to them.

### B.) *Count II*

■ 11 U.S.C. § 727(a) provides in relevant part that:

The court shall grant a debtor a discharge unless—

&ast; &ast; &ast; &ast; &ast; &ast;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charge with custody of property under this title, has ... concealed—

(A) property of the debtor, within one year before the date of the filing of this petition; or

(B) property of the estate, after the date of the filing of the petition ...

Not anyone can object to the granting of a discharge under § 727(a). Only the trustee, a creditor, or the United States Trustee may object. *See* 11 U.S.C. § 727(c).

■ Debtor maintains that plaintiffs lack standing to bring the cause of action set forth in Count II because they are not his creditors. "Creditor" is defined as including any entity that has a claim against the debtor that arose at the time of or before the entry of the order for relief. *See* 11 U.S.C. § 101(9)(A). "Claim" is defined as a right to payment. *See* 11 U.S.C. § 101(4)(A). Thus, plaintiffs have standing to object to debtor's discharge only if they had a right to payment by debtor that arose at or prior to the entry of the order for relief.

The cause of action set forth in Count II of the complaint must be dismissed for essentially the same reasons that Count I was dismissed.

■ Plaintiffs' status as creditors depends entirely upon a determination in Adversary No. 90–0459–BM that debtor is liable to them under the WPCL. As already has been noted several times, no such debt is owed to plaintiffs by debtor under the WPCL because the WPCL is pre-empted in this instance by federal labor law. If debtor owes no such debt to plaintiffs then, obviously, plaintiffs are not creditors of the debtor.

■ Although a party who has not yet proved its claim has the right to object to discharge, a party whose claim has been conclusively denied lacks standing to object to discharge. *In re Vahlsing*, 829 F.2d 565, 567 (5th Cir.1987). Count II therefore must be dismissed. *Id.*

---

**2.** "Debt" is defined in the Code as liability on a claim. *See* 11 U.S.C. § 101(11).