**In re John William MCNABB, Debtor.**

**Ralph and Sharon Olson, Plaintiff,**

**v.**

**John William McNabb, Defendant.**

**Bankruptcy No. 02–11725 EEB.
Adversary No. 02–1235 ABC.**

United States Bankruptcy Court,
D. Colorado.

Jan. 7, 2003.

Ken McCartney, Cheyenne, WY, for Debtor.

Charles Schlosser, Denver, CO, trustee.

## ORDER DENYING MOTION FOR DE-FAULT JUDGMENT AND DISMISS-ING ADVERSARY PROCEEDING

BRUCE A. CAMPBELL, Bankruptcy Judge.

This matter is before the Court on the Verified Motion for Entry of Default Judgment filed on October 10, 2002 ("Motion") by the Plaintiffs. Based upon the allegations in the complaint, Plaintiffs were victims of a crime committed by the Defendant. The Defendant was sentenced to a fine, probation and an Order of Restitution *to be paid to the Plaintiffs. See* Complaint, ¶ 4.[1] Plaintiffs seek entry of a judgment against the Defendant and declaration that the judgment debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(7).[2] Plaintiffs state that "Plaintiff[sic] is objecting to the discharge of *that certain debt owed to them* as it is the result of a restitution Order and in connection with a criminal conviction." Complaint, ¶ 3 (emphasis added).

■ The Plaintiffs are not a governmental unit and the debt they seek to except from the debtor's discharge is apparently compensation for actual pecuniary loss. Therefore, § 523(a)(7), by its express language, is not applicable to Plaintiffs and they may not utilize it to except the debt the Defendant owes to them from discharge.[3]

1. The Complaint indicates that the Order of Restitution is attached as Exhibit A to the Complaint. However, no Order of Restitution is in the Court's record.

2. 11 U.S.C. § 523 provides: (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
    (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
    (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition. . . .

3. Dicta in a 1986 United States Supreme Court case suggests a contrary result. *See Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). However, *Kelly v. Robinson* is factually distinguishable, in that there the restitution debt was owed solely to the State of Connecticut. The party seeking to except the debt from discharge was Connecticut's Chief State's Attorney, John J. Kelly. The restitution debt was imposed pursuant to a criminal sentence for welfare fraud. Thus, there was no private party victim to whom the restitution would ultimately be forwarded. *See In re Towers,* 162 F.3d 952, 953–954 (7th Cir.1998)(J. Easterbrook), *cert. den.,* 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (civil restitution award owed to state attorney general for distribution to private victims was dischargeable since the award was not "for the benefit of" a governmental unit); *In re Rashid,* 210 F.3d 201 (3rd Cir.2000)(federal criminal restitution order entered prior to implementation of § 523(a)(13) held dischargeable because debt was owed to private victims and thus not "to or for the benefit of a governmental unit"); *see also In re Taggart,* 249 F.3d 987, 992–94 (9th Cir.2001) (determining that monetary sanction imposed under California's statute for discretionary im-

Plaintiffs assert in the Motion that in Colorado, restitution debts are nondischargeable under Colo.Rev.Stat. § 16–18.5–103(4)(d)[4]. However, the Colorado legislature cannot pre-empt federal bankruptcy law and declare certain debts to be nondischargeable. *Cf. Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)(state exemption law pre-empted by federal law); *In re Coats*, 232 B.R. 209, 213 (10th Cir. BAP (Okla.),1999); *In re Weiss*, 129 B.R. 51 (Bankr.W.D.Pa. 1991)(state law that majority shareholder constituted "employer" for purposes of wage collection pre-empted by contrary federal law, rendering debt dischargeable under § 523).

Further, Plaintiffs did not plead 11 U.S.C. § 523(a)(6) as a basis for nondischargeability of Defendant's debt. No factual elements that would support a § 523(a)(6) claim were pled in the complaint. Because the Plaintiffs fail to state a claim upon which relief may be granted, it is hereby:

ORDERED that Plaintiff's Verified Motion for Default Judgment is DENIED;

FURTHER ORDERED that this adversary proceeding is dismissed.

position of costs, in State Bar disciplinary proceedings, was dischargeable compensatory reimbursement for actual expenses of the state).

The dicta in *Kelly v. Robinson* indicates that the Supreme Court would extend § 523(a)(7) to restitution debts payable for the benefit of a private victim, or even payable directly to a private victim. *See Robinson* at 48–49, 107 S.Ct. 353 (negligent homicide hypothetical) & 50 ("we hold that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence.")

Notwithstanding this dicta, this Court declines to extend *Robinson* to the facts of this case, where plaintiff is the payee of the restitution award.

4. C.R.S. § 16–18.5–103(4)(d) was renumbered to § 18–1.3–603 on October 1, 2002. C.R.S. § 18–1.3–603 provides:

(4)(d) Any order of restitution imposed shall be considered a debt for "willful and malicious" injury for purposes of exceptions to discharge in bankruptcy as provided in 11 U.S.C. § 523.