**In re John P. QUINN a/k/a Sean Quinn a/k/a John Shawn Quinn, t/a Sussex Custom Coach, and Vernon Diesel a/k/a Vernon Diesel Engine Service a/k/a Vernon Diesel Service, and East Coast Spring a/k/a East Coast Spring and Suspension, Debtor.**

**Bankruptcy No. 90–24268.**

United States Bankruptcy Court,
D. New Jersey.

April 3, 1992.

L.T. Vincenti, of counsel, Elizabeth, N.J., for debtor.

Dennis O'Leary, Sussex County Prosecutor, Newton, N.J. by Thomas E. Bracken, Asst. Sussex County Prosecutor.

## OPINION

WILLIAM F. TUOHEY, Bankruptcy Judge.

The within matter comes before the court pursuant to the debtor's self-styled Motion in Aid of Litigant's Rights, Etc. Through this motion, the debtor basically seeks to restrain creditor Superior Distributors, Inc., ("Superior Distributors"), certain witnesses, and the Office of the Sussex County, New Jersey, Prosecutor, ("Sussex Prosecutor"), from proceeding with the criminal prosecution of the debtor for an alleged pre-petition act. To this end, the debtor claims that the discharge of his debts pursuant to 11 U.S.C. § 523 precludes such prosecution.

The Sussex Prosecutor filed responsive pleadings and has appeared before this court to contest the motion on its merits.

Matters concerning the administration of a bankruptcy estate and dischargeability issues are core proceedings, as defined by Congress in 28 U.S.C. § 157. The within opinion constitutes this court's findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The pro se debtor filed an individual voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on September 28, 1990.

2. On October 30, 1990, the debtor filed with this court a notice of counsel. Since this date, the debtor has been represented by the counsel of his choice in these proceedings.

3. On February 11, 1991, this court entered an order converting the within bankruptcy case from a chapter 11 to a chapter 7, pursuant to the debtor's application. A chapter 7 case trustee was appointed in March of 1990.

4. On August 12, 1991, this court entered an order discharging the debtor, which states in relevant part:

1. The above-named debtor is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of personal liability of the debtor with respect to any of the following:

(A) debts dischargeable under 11 U.S.C. sec. 523,

(B) unless heretofore or hereafter determined by an order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. sec. 523(A),

(C) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined

from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

5. On December 18, 1991, the debtor filed with this court a Notice of Motion in Aid of Litigant's Rights, etc.

6. Through this motion, the debtor seeks to enforce the August, 1991, bankruptcy discharge so as to enjoin Superior Distributors:

from in any way pursuing any criminal or quasi-criminal action against the debtor, John P. Quinn and/or giving testimony in any form in the Superior Court of New Jersey or other court in any matter arising out of the issuance of the debtor's check no. 1776 in the amount of $5,000 to Superior Distributors, Inc. on June 11, 1990. . . .

(*See* debtor's notice of motion, page 2.)

7. Through this motion, the debtor also seeks to:

[join] the Office of the Sussex County, N.J. Prosecutor to the within action and enjoining and/or restrining [sic] said Prosecutor and his officers, agents and employees from in any way pursuing or continuing to pursue any and all criminal and/or quasi-criminal actions, whether pending or not, as against the debtor herein which arise out of the issuance of the debtor's check no. 1776 in the amount of $5,000 to Superior Distributors, Inc. on June 11, 1990.

*Id.*

8. The debtor relies upon certain attached exhibits which include a letter brief used in the state court, the debtor's criminal summons and indictment, and other court documents.

9. On January 23, 1992, the Sussex Prosecutor filed a memorandum of law in opposition to the debtor's motion.

10. On February 14, 1992, after two adjournments, this matter was heard by the court. Both parties supplemented the

record with oral argument, as well as exhibit S–1.[1] At the conclusion of the hearing, this court reserved decision on the narrow issue of whether the debtor's discharge in bankruptcy was an effective bar to criminal restitution in the state court proceedings.

11. The facts underlying the within motion are basically undisputed, as set forth in the adversaries' papers and oral arguments.

12. According the debtor's bankruptcy petition, he owed Superior Distributors a pre-petition debt of approximately $14,000. In an effort to settle the debt, the debtor, trading as Vernon Diesel Engine Service, issued pre-petition a check on June 11, 1990, in the amount of $5,000 to Superior Distributors. (Exhibit S–1.) The check was deposited by the attorney for Superior Distributors, and was subsequently dishonored by the debtor's bank.

13. Superior Distributors filed a criminal complaint against the debtor on March 6, 1991 in the borough of Sussex, New Jersey. The complaint alleges that the defendant knowingly issued the referenced check in violation of N.J.S. 2C:21–5. (*See* debtor's exhibit, copy of S060507.) The debtor was subsequently indicted for this offense on June 20, 1991. (*See* debtor's exhibit, copy of Indictment 91–06–0108–I.)

14. According to the debtor's state court letter-brief which is relied on as an exhibit to his pleadings, he voluntarily applied for admission into the State Pre–Trial Intervention Program, ("PTI"). This application was favorably received by both PTI program officials and the Sussex County Prosecutor with the proviso that $5,000 in restitution be paid to Superior Distributors.

15. Based upon these facts, the debtor maintains that this court's discharge of the debtor bars the state from requiring restitution as a condition to PTI. He argues that it is improper to collect through the state criminal process a debt which is otherwise uncollectible. In support of this

---

**1.** Exhibit S–1 is an original check, number 1776, drawn on the National Bank of Sussex County from the account of Vernon Diesel Engine Service, account number 409002984, dated June 11, 1990. Superior Distributors is listed as the payee, and the amount of the check is the sum of $5,000. The front of the check bears the stamp "RETURNED NSF JUN 14 1990".

contention, the debtor cites 11 U.S.C. § 524 as follows:

A discharge [under the Bankruptcy Code] (1) voids any judgment at any time obtained ...; and (2) operates as an injunction against ... an act ... to collect ... any debt [so discharged].

16. In addition to the stated facts, the Sussex Prosecutor maintains that the $5,000 check arose as a partial settlement of a civil judgment obtained in the state court by Superior Distributors against the debtor on or about May 4, 1990, nearly five months prior to the debtor's bankruptcy petition. A writ of execution was filed with the Sussex County Sheriff on or about May 10, 1990. Thereafter, a Sussex County Sheriff's Officer attempted to levy upon the debtor at his premises at 133 Route 23 N., Hamburg, New Jersey, and was denied access. (*See* Sussex Prosecutor's Memorandum, Exhibits A, B, and C.) Superior Distributors was therefore a pre-petition judgment creditor who attempted to levy thereon, and had the levy returned unsatisfied.

17. The Sussex Prosecutor further maintains that the debtor negotiated a settlement of the judgment through his agent, and agreed to immediately pay the $5,000 check to Superior Distributors. Contemporaneous with the receipt of the check, Superior Distributors notified the Sussex County Sheriff to cease further levying efforts. The Sussex County Sheriff was, however, authorized by Superior Distributors to proceed with the levy sometime after June 20, 1990, the date that the check was dishonored. The bankruptcy was filed several months later on September 28, 1990.

18. In opposing the debtor's motion, the Sussex Prosecutor relies upon a body of caselaw which mitigates against interference in the results of state criminal proceedings by federal bankruptcy courts. In this regard, the prosecutor notes, on page five of his brief, that the debtor has remaining state court options which have not yet been exercised:

[h]e could proceed to trial and, if acquitted, the issue would be moot. He could enter a conditional plea of guilty and litigate the state trial court's ruling on an appeal of right. He could have made a motion for leave to appeal the state trial court's ruling on an interlocutory basis.

19. It is further argued that the restitution condition to PTI admission was a valid exercise of prosecutorial discretion which has already been reviewed by a state court judge.

## DISCUSSION

 Exceptions to discharge in Chapter 7 bankruptcy proceedings are codified in 11 U.S.C. §§ 523, et seq. In relevant part, section 523(a)(7) protects any debt from discharge in bankruptcy,

to the extent that such debt is for a fine, penalty, forfeiture payable to and for the benefit of a government unit, and is not compensation for actual pecuniary loss . . .

Interpretation of this statute, in relation to a chapter 7 debtor who was ordered pre-petition to pay restitution during state court criminal proceedings as a condition of probation, was made by the United States Supreme Court in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).

As a threshold concern, the *Kelly* court stated that,

Our interpretation of the Code also must reflect the basis for this judicial exception, a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States. This court has emphasized repeatedly "the fundamental policy against federal interference with state criminal prosecutions."

*Id.*, 107 S.Ct. at 360 (*quoting Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971)).

In *Kelly*, the Court held that although section 523(a)(7) is subject to interpretation, it goes beyond protecting "traditional criminal fines" so as to include restitution obli-

gations which were imposed in a state criminal court as a condition of probation. *Id.* 107 S.Ct. at 362. To clear the hurdles imposed by Congress in that statute, the Court explained that the fines must accrue "to and for the benefit of a government unit," and not as "compensation for actual pecuniary loss." *Id.* The Court therefore noted that when restitution is ordered in criminal proceedings out of "the State's interest in rehabilitation and punishment, rather than the victim's desire for compensation," it has been done "for the benefit of" the State.

In *Kelly*, however, the Court was faced with interpreting a restitution order which was part of a sentence predicated on a criminal conviction. In the instant matter, the debtor faces a restitution order in a pre-trial diversionary program, where no criminal conviction has been determined.

PTI was established pursuant to New Jersey Court Rule 3:28 in 1970.[2] Upon admission into the program, the designated state court judge is authorized to postpone criminal proceedings against defendants who have been charged with penal or criminal offenses, upon the consent and recommendation of the program director and the prosecuting attorney.

N.J.S. 2C:43–12(a) provides in relevant part that the purposes of PTI include the rehabilitation and deterrence of defendants from committing further crimes. (*Accord* Guidelines for Operation of Pretrial Intervention in New Jersey, Guideline 1, December 1, 1982, as found in Rule 3:28.)

To achieve these ends, the prosecutor and program director are vested with significant discretion in deciding whether to admit defendants into PTI. Such decisions are based upon "the applicant's amenability to correction, responsiveness to rehabilita-

tion and the nature of the offense." N.J.S. 2C:43–12(b). When the program director or prosecutor withholds consent, denied applicants are entitled to particularized findings concerning the denial and a hearing before the designated state court judge.

The New Jersey Supreme Court has reinforced the significant discretion of the prosecutor and program director by holding that admission to PTI may not be ordered over their objection unless there was a patent and gross abuse of discretion which would undermine the goals of the program. *State v. Dalglish*, 86 N.J. 503, 432 A.2d 74 (1981). Further, pre-trial appellate court review of such state court decision is limited by the terms of Rule 3:28(f).

The discretion of the prosecutor and program director in denying admission into PTI carries over into the terms and conditions of the program itself, subject to the Guidelines found in Rule 3:28.

Guideline 3(k) recognizes that, subject to judicial approval, restitution and community service may be required as part of an individual's PTI service plan to aide in his or her rehabilitation. Certain explicit limitations on the restitution conditions are provided in Guideline 3(k), including: (1) the prohibition against their existence being used in subsequent civil or criminal proceedings; (2) the flexibility of restitution conditions so as to encompass symbolic or partial restitution; and (3) the prohibition on denying PTI admission "solely on the basis of anticipated inability to meet a restitution requirement." These limitations are indicative of a concern by the State of New Jersey that restitution be utilized as a tool for rehabilitation, and not as a means for the collection of private debts.[3]

---

**2.** Rule 3:28 is supplemented by the PTI Guidelines, as promulgated by the Supreme Court of New Jersey. These guidelines are generally codified in N.J.S. 2C:43–12. Under N.J.S. 2C:43–14 the Supreme Court has the authority to promulgate such rules, subject to veto by the Legislature under N.J.S. 2C:43–17.

**3.** This reasoning is consistent with the official comments to Rule 3:28, which states in pertinent part: Full restitution need not be completed during participation in the program. In determining whether a restitution requirement has been fulfilled, the designated judge shall consider good-faith efforts by the defendant. In appropriate cases, at the conclusion of participation, a civil judgment by confession may be entered by the court. However, restitution should never be used in PTI for the sole purpose of collecting monies for victims. Rule 3:28, Guideline 3(k), comment.

It is the conclusion of this court, therefore, that restitution which is imposed as a condition in New Jersey PTI programs by the debtor meets the two requirements for nondischargeability of section 523(a)(7) as set forth by the *Kelly* court. PTI has an avowed purpose of rehabilitation and deterrence, which accrues for the benefit of the state, thereby meeting the first requirement. Moreover, restitution has been officially recognized by the PTI Guidelines of Rule 3:28 as an appropriate condition in certain cases. The fact that the restitution condition is subject to judicial review by the state court, is restricted in its application, and is not fundamentally imposed for the victim's pecuniary gain, meets the second requirement.

The debtor's motion seeking to avoid the restitution condition as a discharged debt, or because it is predicated on a discharged debt, is hereby denied. The terms of the discharge order itself provides that it relates only to those debts dischargeable under section 523(a), while in the instant matter the restitution issue is classified as nondischargeable under section 523(a).[4]

Alternatively, the restitution condition accrued from a criminal action which was brought after the filing of the bankruptcy petition. The criminal complaint did not issue until March of 1991. Moreover, the restitution condition did not arise until late August, 1991. As such, the debtor's discharge in the instant bankruptcy case in no way bars the discretionary authority of the PTI program to condition admission to the program upon payment of restitution to the crime victim.

---

4. While the instant debtor has never filed as a chapter 13 debtor, it is noteworthy that Congress has recently acted to close a window which was opened by the United States Supreme Court in *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). *See* 11 U.S.C. § 1328(a)(3), as amended by the *Criminal Victims Protection Act of 1990*, Pub.L. 101–581, effective Nov. 15, 1990.