**In re Michael Anthony PRIETO and Leonarda Prieto, Debtors.**

**CLIFFORD ELECTRONICS, INC., Plaintiff,**

v.

**Michael Anthony PRIETO, Defendant.**

Bankruptcy No. 89–20306.
Adv. No. 90–2212.

United States Bankruptcy Court, D. New Jersey.

June 15, 1994.

Philip C. Gutworth, P.A., by Philip C. Gutworth, Hackensack, NJ, for plaintiff.

Law Offices of D. Gayle Loftis by Marci Hope Stearns, Hackensack, NJ, for debtor/defendant.

### OPINION

WILLIAM F. TUOHEY, Bankruptcy Judge.

This matter comes before the court by way of Plaintiff's, Clifford Electronics, Inc., motion for an Order Determining the Nondischargeability of a Debt pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(7). The debtor, Michael Anthony Prieto, filed opposing papers. The issues raised by this contested matter are core matters as defined by Congress in 28 U.S.C. § 157 *et seq.* The within opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### FINDINGS OF FACT

1. On November 15, 1989, Michael Anthony Prieto and Leonarda Prieto (hereinafter, "Debtors"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Plaintiff herein was named as a creditor in the amount of $6,000.00 by an Order Respecting Amendment to List of Creditors dated April 18, 1990.

2. On or about March 23, 1988, Michael Anthony Prieto, (hereinafter "Defendant"), entered into an "Authorized Dealer Agreement" (hereinafter, the "Agreement") on behalf of Sound Advice, Inc. Pursuant to the agreement, Clifford Electronics, Inc. (hereinafter, "Plaintiff"), agreed to supply Sound Advice with certain automobile security equipment and Sound Advice agreed to pay for same. (Gutworth Cert. Ex. A).

3. On April 4, 1988 and April 7, 1988, Defendant, Michael Anthony Prieto, issued two checks to the order of Clifford Electronics, Inc. in the amounts of $2,640.05 and $2,233.40, respectively. Both of these checks, drawn on Sound Advice's account, were dishonored by the bank. (Gutworth Cert. ¶ 3).

4. On June 15, 1988, Plaintiff instituted suit in the Superior Court of New Jersey, Special Civil Part, Hudson County, against Sound Advice, Inc. and Michael Prieto, individually. (*Clifford Electronics, Inc. v. Sound Advice, Inc.*, Docket No. 551153). Judgment was entered in favor of the Plaintiff on August 4, 1988 for $4,852.63. (Gutworth Cert. ¶ 4).

5. Thereafter, Plaintiff filed a criminal complaint, number SO38506, with the Jersey City Municipal Court against the Defendant, Michael Prieto for uttering a false check. (the "Municipal Court Complaint"). Apparently in a matter not based on the dishonored checks, criminal theft charges were brought against the Defendant by the State of New Jersey. (*State v. Prieto*, Indictment No. 1499–70–89, hereinafter, the "Criminal Action").

6. With the benefit of counsel, Defendant entered a guilty plea in the criminal action for one count of theft in the third degree. In exchange for Defendant's guilty plea, the State agreed to move to dismiss the municipal court complaint and recommend probation. As a condition of probation however, Defendant agreed to make restitution for the amounts alleged in the criminal action (approximately $3,500.00) as well as those amounts alleged in the municipal court complaint (a total of $4,873.48). (tr. of plea at 4–5, attached to Gutworth Cert. as Ex. D). After ascertaining that Defendant understood and accepted the terms of his plea bargain, the Hon. Kevin G. Callahan, J.S.C., accepted Defendant's plea and scheduled sentencing. (tr. of plea at 12–13). On June 15, 1990, the Defendant was sentenced in accordance with the plea agreement. (tr. of sentence, attached to Gutworth Cert. as Ex. E).

7. On May 11, 1990, Plaintiff filed the within adversary complaint to determine the nondischargeability of the debt which was the subject of the above-described criminal sentence. On February 18, 1994, Plaintiff filed a motion to determine that the debt is non-dischargeable. Hearings were held on the within matter on March 7, 1994 and the Court reserved decision.

## DISCUSSION

■ The issue raised by Plaintiff's motion is whether the debt underlying a criminal restitution obligation is non-dischargeable pursuant to Bankruptcy Code §§ 523(a)(2), (4) or (7). We first consider subsection (a)(7), since a positive answer under that section will eliminate the need for analysis of subsections (a)(2) and (4).

United States Bankruptcy Code § 523(a)(7) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ...

The leading case discussing § 523(a)(7) in relation to a restitution order entered in a criminal proceeding is *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). There, the Court analyzed the nondischargeability of a restitution order imposed by a state court as part of a criminal sentence. The Court outlined the historical treatment of restitution orders and other criminal sanctions in bankruptcy courts. The Court noted that under the Code's predecessor, the Bankruptcy Act of 1898, bankruptcy courts refused to permit a discharge in bankruptcy to affect a state court criminal judgment. To do so "would hamper the flexibility of state

criminal judges in choosing the combination of imprisonment, fines, and restitution most likely to further the rehabilitative and deterrent goals of state criminal justice systems," *Id.* at 49, 107 S.Ct. at 360, and would thereby impermissibly interfere with an important aspect of state sovereignty. In fact, this reasoning was so widely accepted that a leading commentator on the new Code was able to make the unqualified statement that "fines and penalties are not affected by discharge." *Id.* at 46, 107 S.Ct. at 358, quoting 1A *Collier on Bankruptcy* ¶ 17.13, pp. 1609–1610, and n. 10 (14th ed. 1978). The Court noted that because Congress enacted the Code against the background of an established judicial exception to discharge for criminal restitution orders, any intention to overrule this judicially-created concept should have been expressly stated. Finding no such congressional intent, the Court held that restitution obligations remain nondischargeable under Code § 523(a)(7).[1]

Furthermore, the Court considered the language of § 523(a)(7), "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the states in unfettered administration of their criminal justice systems." *Id.*, 479 U.S. at 44, 107 S.Ct. at 358. The Court held that § 523(a)(7) should be interpreted broadly to include restitution obligations imposed as a condition of probation. *Id.* at 50–53, 107 S.Ct. at 362. Furthermore, the Court noted that if restitution orders are imposed by criminal courts primarily as a means of enforcing their criminal statutes and rehabilitating offenders, then the obligation is payable "for the benefit of a governmental unit, and is not compensation for actual pecuniary loss," per § 523(a)(7). *Id.* at 40–41, 107 S.Ct. at 356. Therefore, such restitution obligations are covered by the language of § 523(a)(7) and are not dischargeable. *See also In re Quinn*, 141 B.R. 44 (Bankr.D.N.J. 1992) (holding that debtor's discharge in bankruptcy did not prevent state from requiring that debtor pay restitution to victim

1. Several years after *Kelly* was decided, the Supreme Court held in *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) that restitution orders are dischargeable debts under chapter 13, § 1301 *et seq.* We note that Congress then amended 11 U.S.C. § 1328(a)(3) to specifically

protect restitution orders from discharge in a chapter 13 case. While the debtors here have never filed a chapter 13 petition, we find this amendment to be further evidence that Congress intends to except restitution orders from discharge in bankruptcy.

of his pre-petition crime, as condition to debtor's admission to pretrial intervention program).

■■■ As applied to the facts of the instant case, the *Kelly* opinion dictates that the debt owed pursuant to the restitution order is non-dischargeable. New Jersey criminal courts have the discretionary right to impose restitution obligations as a condition of probation. Restitution obligations are viewed as rehabilitative in nature and not punitive or retributive. *State v. Paladino*, 203 N.J.Super. 537, 547, 497 A.2d 562 (1985); *See State v. Harris*, 70 N.J. 586, 592–93, 362 A.2d 32 (1976). In the instant case, the obligation was imposed by state court Judge Callahan as a condition of probation "to deter this defendant from this type of offense" and because "he's likely to respond to probation...." (tr. of sentence at 5). Since the obligation was imposed as part of a criminal sentence, in exercise of the state's right to protect its citizens by enforcing its penal laws, the obligation is payable "to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss ..." in accordance with the language of § 523(a)(7) and the holding in. *Kelly*. Although Mr. Prieto attempts to distinguish the instant case from other reported decisions which have held restitution obligations to be non-dischargeable, the distinctions are of no moment. The operative fact is that the Defendant freely entered into a plea agreement with the benefit of counsel and accepted a restitution obligation as a condition of probation. That alone is sufficient to make the obligation non-dischargeable. Therefore, the debt owed pursuant to the restitution order is non-dischargeable pursuant to § 523(a)(7).

### CONCLUSION

For the foregoing reasons, the Plaintiff's motion for an Order Determining the Non-dischargeability of a Debt pursuant to 11 U.S.C. 523(a)(7) is granted in the amount of $4,873.48, against the debtor Michael Anthony Prieto.