UNITED STATES of America, Plaintiff,

v.

Robert Lawrence PRODAN, Defendant.

Crim. A. No. 90–10–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

April 21, 1995.

Nunc Pro Tunc April 20, 1995.

Mark Exley, Asst. U.S. Atty., Norfolk, VA, for plaintiff.

Robert Lawrence Prodan, Virginia Beach, VA, pro se.

### OPINION AND ORDER

DOUMAR, District Judge.

This matter comes before the Court on defendant Prodan's motion to determine the dischargeability in bankruptcy proceedings of restitution ordered by this Court as part of a criminal sentence. For the reasons outlined below, the Court holds that restitution orders issued by the United States Courts are not generally dischargeable in Chapter 7 bankruptcy proceedings, and that the restitution order in this case was not dischargeable.

### Factual and Procedural Background

On February 13, 1990, a Grand Jury in the United States District Court, Eastern District of Virginia, Newport News Division, charged defendant Prodan with conspiring to provide illegal gratuities to public officials in violation of 18 U.S.C. § 371 & 201(c)(1)(A). On April 17, 1990, defendant Prodan pled guilty to the indictment. In the plea agreement filed with the Court on that date, defendant Prodan acknowledged that the Court could, in its discretion, order him to pay restitution pursuant to 18 U.S.C. § 3663. On June 15, 1990, the defendant was sentenced to 18 months imprisonment to run consecutively with any sentence he was then serving imposed by any state or federal court. In addition, the Court ordered the defendant to make restitution to the United States of America in the amount of $6,606.00. That sum did not reflect the actual pecuniary loss of the United States, however, which totalled more than $650,000.00, according to the defendant's presentence report.[1]

In October, 1990, defendant filed a motion pursuant to Rule 35 of the Federal Rules of Civil Procedure, requesting a reduction of his

---

1. According to the defendant, the sum of $6,606.00 reflects the total amount of the checks signed by the defendant while an officer of the corporation and an active member of the conspiracy engaged in illegal activities.

sentence. On January 10, 1991, the Court found that the sentence imposed on June 15, 1990, was entirely appropriate, and declined to reduce the sentence.

The defendant filed a voluntary petition in the United States Bankruptcy Court, Eastern District of Virginia, Norfolk Division, on November 4, 1992. On February 24, 1993, defendant Prodan obtained a Chapter 7 discharge of all debts listed in the petition.

On February 21, 1995, the United States filed a motion for a supplementary proceeding summons with this Court. In its motion, the United States explained that it had attempted to obtain answers to interrogatories related to the unpaid judgment of June, 1990, from the defendant, but that the defendant refused to answer the interrogatories, claiming that the restitution obligation had been discharged in bankruptcy. A summons ordering the defendant to appear before the United States District Court for the Eastern District of Virginia, Norfolk Division, on February 27, 1995, was issued on February 21, 1995. On February 27, 1995, United States Magistrate Judge William T. Prince ordered the defendant to answer the interrogatories within two weeks, on or before March 13, 1995, or be held in contempt of court. Judge Prince further directed the defendant to file a motion and memorandum requesting a determination as to the dischargeability of the restitution order. Defendant Prodan filed that motion and memorandum on March 13, 1995; the United States responded on March 24, 1995. As of the filing of defendant Prodan's motion, he has paid $300 of the restitution ordered by the Court on June 15, 1990, leaving an outstanding balance of $6,306.00.

### Analysis

■ 11 U.S.C. § 523(a) states in relevant part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ...

(7) to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss....

In *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Supreme Court established the principle that restitution orders in state criminal cases fall within the purview of § 523(a)(7), and are therefore nondischargeable. The Court examined the history of the enactment of the bankruptcy code, explaining that "Congress enacted the Code in 1978 against the background of an established judicial exception to discharge for criminal sentences, including restitution orders, an exception created in the face of a statute drafted with considerable care and specificity." *Id.* at 46, 107 S.Ct. at 359. Although *Kelly* specifically dealt with state criminal restitution orders, "[p]ost-*Kelly*, every court to consider the scope of this statute has held that a *federal* restitution order is nondischargeable in Chapter 7 as well." *In re Soderling*, 998 F.2d 730, 732 (9th Cir.1993) (emphasis in original) (citations omitted); *see also, Cisneros v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc.*, 862 F.Supp. 1531, 1534 (W.D.Va.1994).[2]

■ This Court concurs with the holding of the *Soderling* court and the numerous other courts that have considered this issue. To hold otherwise would undermine the notion of restitution as a form of criminal punishment. In imposing a sentence, the Court must consider numerous factors, including the nature and characteristics of the offense; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by the defendant; and the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a). Restitution is an integral part of

2. The defendant cites to *In re Wright*, 87 B.R. 1011 (Bankr.D.S.D.1988), to support the proposition that each individual case must be analyzed to determine whether discharge is appropriate under § 523(a)(7). The Court declines to follow that court's invitation, as *Kelly* and its progeny are clear that restitution orders as a class are exempted from discharge. Note also that in *Wright*, the bankruptcy court found both that *Kelly* was applicable to federal proceedings and that the debtor's restitution obligation was nondischargeable under § 523(a)(7). 87 B.R. at 1013–15.

the criminal punishment envisioned by § 3553(a).

In the instant case, the Court imposed restitution in lieu of a fine. The Court considered the factors outlined in 18 U.S.C. § 3664(a), including the amount of loss sustained by the victim, the financial resources of the defendant, and the financial needs and earning ability of the defendant and his dependents. The Court found that the defendant, who formerly held executive positions in various financial institutions and corporations, was clearly in a position to make restitution. The Court ordered the victim to make restitution in the amount of $6,606.00, a fraction of the actual pecuniary loss suffered by the victim, the United States. The order of restitution imposed by the Court was a key component in the defendant's punishment, not simply reimbursement for the United States.

The restitution order in the instant case clearly meets the two requirements for exemption from discharge found in § 523(a)(7). First, as in *Kelly*, the restitution ordered by the Court provided "for a flexible remedy tailored to the defendant's situation" rather than an exact accounting of the harm caused. 479 U.S. at 53, 107 S.Ct. at 362. The restitution order did not approach the amount of the actual loss and therefore was not within the qualification for "compensation for actual pecuniary loss" found in § 523(a)(7). *See, e.g., United States v. Vetter*, 895 F.2d 456, 459 (8th Cir.1990) (restitution in amount significantly lower than actual loss clearly intended to punish and deter rather than to repay victim). Moreover, it is clear that the restitution was "to and for the benefit of a governmental unit," first, because the United States is the victim, and secondly, because the Supreme Court has determined that restitution orders imposed in criminal proceedings "operate 'for the benefit of'" the government. *Kelly*, 479 U.S. at 53, 107 S.Ct. at 363.

Allowing criminal defendants to discharge restitution orders through Chapter 7 proceedings would lead to ludicrous results. It would force prosecutors, both state and federal, to defend criminal judgments before the bankruptcy courts. Further, allowing for the dischargeability of restitution orders would effectively enable the bankruptcy courts to overturn criminal sanctions imposed on the defendant/debtor by the federal district court. Restitution is not simply a debt to a victim; it is a part of a criminal sentence. *See United States v. Webb*, 30 F.3d 687, 690 (6th Cir.1994) ("Congress intended restitution to be an independent term of the sentence of conviction....."). If a criminal defendant can simply walk from his sentencing hearing before the district court into the bankruptcy court to discharge a portion of that same sentence, restitution orders as criminal sanctions become meaningless.

*Kelly* is clear. "In light of the strong interests of the States, the uniform construction of the old Act over three-quarters of a century, and the absence of any significant evidence that Congress intended to change the law in this area," forbidding the discharge of restitution orders "best effectuates the will of Congress." 479 U.S. at 53, 107 S.Ct. at 363. This Court feels that this case falls squarely within the parameters of that holding.[3]

### Conclusion

■ Restitution orders issued as part of a criminal sentence by the United States Courts are not generally dischargeable in Chapter 7 bankruptcy proceedings. Accordingly, the Court **ORDERS** the defendant to make restitution to the Department of Justice, United States of America, in the amount of $6,306.00.

---

**3.** The defendant also argues that he gave notice of his intention to declare his restitution obligation dischargeable in his bankruptcy schedule, and that as a result, the United States was required to argue this issue before the bankruptcy court. However, the wrong case number appears in the bankruptcy schedule, and the actual party creditor should have been listed as the Department of Justice, but was not so named. As a result, notice would have been sent not to the Newport News Division of this Court, where this case was heard, but to the Norfolk Courthouse. Given all of these irregularities, it is not surprising that the United States Attorney contends that it never received notice that the debt was listed in the bankruptcy schedule. In view of this Court's decision, however, it is not necessary to determine whether the United States was given adequate notice of the defendant's intention to declare the debt dischargeable.

The Clerk is directed to forward a copy of this Opinion and Order to the United States Attorney and to the defendant.

**IT IS SO ORDERED.**