In re Thomas Clark KNODLE, a/k/a Tom Knodle, a/k/a Tom C. Knodle, dba HD Enterprises, Bonnie Marie Knodle, aka Bonnie Knodle, a/k/a Mrs. Tom Knodle, dba IPM Property Management, dba HD Enterprises, Debtors.

LaVern C. NEFF, Juanita I. Neff, Fred Hanson, Randi Lou Hanson, Herbert Lilleberg, Schulte & Enget, agents and attorneys for Missionaries of Our Lady of the Prairie, and Keatings Furniture of Williston, Inc., a North Dakota corporation, Plaintiffs,

v.

Thomas Clark KNODLE, a/k/a Tom C. Knodle, a/k/a Tom Knodle, dba IPM Property Management, dba HD Enterprises, Defendants.

Bankruptcy No. 95–30081.
Adv. No. 95–7025.

United States Bankruptcy Court,
D. North Dakota.

July 14, 1995.

LeRoy P. Anseth, Williston, ND, for debtors.

Phillip D. Armstrong, Trustee, Minot, ND.

Charles L. Neff, Williston, ND.

## MEMORANDUM & ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The above-entitled action arises by Complaint filed on April 24, 1995, by the several plaintiffs, LaVern C. Neff, Juanita I. Neff, Fred Hanson, Randi Lou Hanson, Herbert Lilleberg, Schulte & Enget, agents and attorneys for Missionaries of Our Lady of the Prairie (Plaintiffs). By the Complaint, the Plaintiffs are seeking to have an obligation for restitution in the amount of $19,355.05, set by order in a state court criminal proceeding pursuant to a plea agreement entered in connection with the prosecution of a theft of property charge, declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and (a)(7). Keatings Furniture of Williston, Inc., a North Dakota corporation (Keatings Furniture), also joins the Complaint as a party plaintiff but predicates its basis for nondischargeability solely upon § 523(a)(4) and *not* upon the state court restitution order. Keatings Furniture claims that it is owed the sum of $4,364.14, said sum representing the value of goods purchased by Knodle for which Knodle collected the funds to pay for but which were, instead, misappropriated and converted to personal use. The defendant-debtor, Thomas Clark Knodle, a/k/a Tom C. Knodle, a/k/a Tom Knodle, dba IPM Property Management, dba HD Enterprises (Knodle), concedes pleading guilty to the charge of theft of property and acknowledges that as a condition of his probation he was required to make court-ordered restitution, but in all other respects generally denies the allegations in the Complaint.

The matter directly before the court arises by motion for summary judgment filed by the plaintiffs collectively on June 13, 1995, pursuant to Rule 56 of the Federal Rules of Civil Procedure. By their motion, the Plaintiffs contend that the judgment of the state court in the criminal proceeding ordering Knodle to pay restitution as a condition of his sentence is nondischargeable as a matter of law under § 523(a)(7). Keatings Furniture argues, and the Plaintiffs argue in the alternative, that Knodle committed defalcation while acting in a fiduciary capacity or embezzled funds while occupying a position of trust. As a rejoinder to the Plaintiffs' motion for summary judgment under § 523(a)(7), Knodle essentially challenges the statutory and factual basis giving rise to the guilty plea and thereby asserts that genuine issues of material fact exist which render disposition of this proceeding by a motion for summary judgment inappropriate. Specifically, he contends that the guilty plea was entered into on the advice of counsel in order to avoid the possibility of incarceration despite the fact that he felt that he was innocent or had defenses to the criminal charge. With respect to the arguments for nondischargeabili-

ty predicated upon § 523(a)(4), Knodle denies the existence of a fiduciary relationship or the contention that he occupied a position of trust and asserts that his business failed and he was simply unable to repay his obligations when they became due.

## FACTUAL BACKGROUND

The facts material to the resolution of this case are straightforward and undisputed. Tom C. Knodle owned and operated a property management business in Williston, North Dakota, and in connection therewith became indebted to the several plaintiffs. Knodle was subsequently charged with and convicted of "Theft of Property" in Criminal Case No. 94–K–0343. *See* N.D.Cent.Code § 12.1–23–02 (1985). Apparently on the advice of counsel, Knodle pled guilty to the criminal charge pursuant to a plea agreement, part of which required him to be placed on probation. The District Court for the Northwest Judicial District entered an order on January 11, 1995, imposing a five-year sentence but deferring imposition of judgment and sentence. Pursuant to the court's order and as an express condition of his probation, Knodle was required to make restitution in the amount of $19,355.05, said sum representing "the damage or injury sustained by the victims of his conduct." *See* Exhibit A ¶ 1(j), at 2. The payments for the court-ordered restitution were to be made to the Clerk of District Court and represented obligations owed to all of the enumerated plaintiffs in this case, with the notable exception of Keatings Furniture who was not a party to the restitution order.

Keatings Furniture apparently supplied as well as installed carpet and linoleum at the request of Knodle in order to repair and update certain properties Knodle managed on behalf of rental property owners. The outstanding indebtedness owed to Keatings Furniture by Knodle in the amount of $4,364.14 was not satisfied.

Knodle filed for protection under Chapter 7 of the United States Bankruptcy on February 2, 1995, and seeks to discharge the obligation imposed by order of the state court in the criminal proceedings some two weeks earlier as well as the obligation of Keatings Furniture.

## CONCLUSIONS OF LAW

 Bankruptcy Rule 7056 makes Rule 56 of the Federal Rules of Civil Procedure applicable to adversary proceedings in bankruptcy. Pursuant to Rule 56(c), summary judgment is appropriate if there is no genuine issue as to any material fact or any conflicting inferences which can reasonably be drawn from undisputed facts, and the material facts, when viewed in a light that is most favorable to the party opposing the motion, demonstrate that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The primary purpose for granting a summary judgment motion is to promptly dispose of actions and avoid unnecessary trials when no genuine issue of *material* fact exists. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. at 2511 (citations omitted). Similarly, those factual disputes that are irrelevant or unnecessary to the resolution of the issue before the court will not be counted. *Id.* at 248, 106 S.Ct. at 2510.

 The pivotal issue in this case is whether the criminal restitution obligation imposed by the North Dakota District Court for the Northwest Judicial District in connection with a criminal conviction pursuant to a guilty plea, the payment thereof made an express condition of the defendant's criminal sentence, is nondischargeable under 11 U.S.C. § 523(a)(7). An examination of the relevant authorities clearly reveals that the court-ordered restitution is nondischargeable in this case under the aforementioned provision.

Paragraph (7) of § 523(a) specifically renders certain fines and penalties which are payable to and for the benefit of a governmental unit nondischargeable to the extent that the obligations do not represent compensation for actual, pecuniary loss. 11 U.S.C. § 523(a)(7). In *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), a decision that is in all relevant respects factually identical to the case at bar, the United States Supreme Court reversed the Court of Appeals for the Second Circuit and effectively overruled a prior determination of this court in *United States v. Vandrovec (In re Vandrovec )*, 61 B.R. 191 (Bankr. D.N.D.1986) that restitution may be nondischargeable only if its purpose is exclusively to penalize the debtor and this purpose is clear from the criminal proceedings. In doing so, the Supreme Court opined that the language of § 523(a)(7) must be construed "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems." *Kelly,* 479 U.S. at 44, 107 S.Ct. at 358. The Court in *Kelly* specifically ruled that § 523(a)(7) preserves from discharge *"any"* obligation for restitution imposed by a state court as part of a criminal sentence. *Id.* at 50, 107 S.Ct. at 361. The Court rejected the argument that the statute's qualifying clauses that the fines be both "to and for the benefit of a governmental unit" and "not compensation for actual pecuniary loss" permit the discharge of criminal judgments that take the form of restitution:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant....

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for ... compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).

*Id.* at 52–53, 107 S.Ct. at 362–63 (footnote omitted). The Court was not persuaded by the fact that the amount restitution is almost always tied to the damage the victim sustains in order to restore the victim to the position he occupied if the original criminal act had never transpired. *See id.* at 55, 107 S.Ct. at 364 (Marshall, J., dissenting). The Supreme Court has since reaffirmed the efficacy of the principles articulated and the conclusions reached in *Kelly. See Pennsylvania Dept. of Pub. Welfare v. Davenport,* 495 U.S. 552, 562, 110 S.Ct. 2126, 2133, 109 L.Ed.2d 588 (1990). *See also Thompson v. Commonwealth,* 16 F.3d 576, 581 (4th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 2709, 129 L.Ed.2d 836 (1994); *Federal Deposit Ins. Corp. v. Soderling (In re Soderling )*, 998 F.2d 730, 732 (9th Cir.1993); *United States v. Vetter,* 895 F.2d 456, 458 (8th Cir.1990); *Steiger v. Clark County (In re Steiger )*, 159 B.R. 907, 909–10 (Bankr.9th Cir.1993); *BT Commercial Corp. v. Kochekian (In re Kochekian )*, 175 B.R. 883, 886 (Bankr.M.D.N.C.1995); *Federal Deposit Ins. Corp. v. Wright (In re Wright )*, 87 B.R. 1011, 1014, 1016 (Bankr.D.S.D.1988).

Based on the holding of the Supreme Court in *Kelly v. Robinson* that orders for restitution imposed as part of a criminal sentence and conviction are nondischargeable under § 523(a)(7), this court concludes that the restitution ordered by the state court in Criminal Case No. 94–K–0343 as a condition of Knodle's criminal sentence is nondischargeable as a matter of law. Knodle simply cannot collaterally attack the obligation for restitution that he agreed to pursuant to a voluntary plea agreement some two weeks prior to his bankruptcy filing or the express terms of his probationary sentence in this

forum with the naked and self-serving assertion that he was innocent of the very offense he pled guilty to and was convicted of. Summary judgment is thus appropriate in this case with respect to *only* those plaintiffs whose prepetition obligations stem from the state court restitution order.

 Keatings Furniture predicates its motion for summary judgment and concomitant claim for nondischargeability solely under § 523(a)(4). Implicit in a claim of "embezzlement" or "larceny" under § 523(a)(4) is a degree of malevolent intent. Summary judgment is generally an inappropriate vehicle for disposing of claims where the state of mind, although capable of being inferred from all of the circumstances of the case, of a party plays a dominant role in disposing of the case. *See Poller v. Columbia Broadcasting Sys.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Pfizer, Inc. v. International Rectifier Corp.*, 538 F.2d 180, 185 (8th Cir.1976), *cert. denied*, 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 751 (1977). Although intentional wrongdoing or a malevolent intent is not a required element for a claim of "defalcation while acting in a fiduciary capacity" under § 523(a)(4), the burden of establishing the requisite fiduciary relationship as well as any breach thereof falls upon the plaintiff, Keatings Furniture. It is incumbent upon the party moving for summary judgment pursuant to Rule 56 to clearly demonstrate that there is no genuine issue of material fact, thus obviating the need for a trial on the merits. Having considered the pleadings in this case, the briefs of the parties as well as the affidavit of Keatings Furniture and Knodle, the court is of the view that record presently before the court is woefully inadequate to establish a basis for entering judgment as a matter of law against Knodle under § 523(a)(4).

Accordingly, and for reasons stated, IT IS ORDERED that the motion for summary judgment filed by the several plaintiffs, LaVern C. Neff, Juanita I. Neff, Fred Hanson, Randi Lou Hanson, Herbert Lilleberg, Schulte & Enget, agents and attorneys for Missionaries of Our Lady of the Prairie, pursuant to Rule 56 of the Federal Rules of Civil Procedure is GRANTED, and that judgment be entered in favor of the aforementioned plaintiffs and against the defendant-debtor, Thomas Clark Knodle, a/k/a Tom C. Knodle, a/k/a Tom Knodle, dba IPM Property Management, dba HD Enterprises, in the amount of $19,355.05, said sum being nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(7). IT IS FURTHER ORDERED that the motion advanced by Keatings Furniture of Williston, Inc., a North Dakota corporation, for summary judgment is in all things DENIED.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**