**In re Robert R. CLARK, Victoria R. Clark, Debtors.**

**NORTH AMERICAN SCIENCE ASSOCIATES, INC., Plaintiff,**

v.

**Robert R. CLARK, Defendant.**

**Bankruptcy No. 96–3290.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 5, 1997.

Louis J. Yoppolo, Toledo, OH, for Plaintiff.

Richard J. Szczepaniak, Toledo, OH, for Defendant.

### *MEMORANDUM OPINION AND DECISION*

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court on Plaintiff's Motion for Summary Judgment on its Complaint to Determine the Dischargeability of a Debt, and the Defendant's Memorandum Contra. This Court has reviewed the arguments of counsel, exhibits, and the entire record of the case. Based upon that review, and for the following reasons, the Court finds that Defendant's obligation to pay restitution is not dischargeable, and accordingly Plaintiff's Motion for Summary Judgment should be granted in part and denied in part.

### *FACTS*

The facts of this case concern a debt arising from both a civil and a criminal case in the Wood County Court of Common Pleas. The parties do not dispute that Defendant was employed by the Plaintiff, North American Science Association, Inc. (hereafter "NAMSA") as a Manager of Products from September 2, 1988 until his termination on July 1, 1994. Thereafter, NAMSA commenced a civil action against Defendant in

the Wood County Court of Common Pleas, alleging several causes of action including breach of employment contract, misappropriation of technology and business information, breech of fiduciary duties, tortuous interference with Plaintiff's business relationships, misappropriation of property, and fraudulent diversion of business from Plaintiff. On May 17, 1995, Defendant was criminally indicted for conduct that occurred during the course of his employment with NAMSA, on a charge of aggravated theft, a second degree felony. In the criminal case, the Defendant was alleged to have "diverted business from [NAMSA] and provided [NAMSA's] product to clients of NAMSA, doing so without the consent of the owner or anyone authorized to give consent."

A pretrial conference was held in the Wood County Court of Common Pleas actions, and a settlement was reached resolving both the civil and criminal cases. Under the terms of this agreement, the Defendant entered a plea of no contest in the criminal proceeding and was subsequently found guilty on a lesser charge of grand theft, a third degree felony. As part of his criminal sentence, Defendant was ordered to make restitution payments in the amount of One Hundred Thirty Thousand Dollars ($130,-000.00) to the Plaintiff in conformity with payment schedules to be determined by the Probation Department of the Common Pleas Court of Wood County. A consent judgment entry was also signed in the civil case whereby the Defendant agreed to liability to the Plaintiff in the amount of One Hundred and Thirty Thousand Dollars ($130,000.00), but it was also agreed that no interest would accrue on the civil debt as long as the Defendant made payments in accordance with the Wood County Probation Department or Court, and that payments made in accordance with the restitution order would reduce debt on the civil judgment. Further, the Plaintiff agreed that it would not levy the Defendant's income unless his income exceeded Fifty Thousand Dollars ($50,000.00) per year.

### LAW

The Bankruptcy Code provides in pertinent part:

**11 U.S.C. § 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228[a] 1228(b), or 1328(b) of this section does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

### DISCUSSION

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. Determinations as to the dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157. Thus, this case is a core proceeding.

This matter is before the Court upon the Motion for Summary Judgment of the Plaintiff. A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322,

106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), Fed.R.Civ.P. 56(c), Fed.R.Bankr.P. 7056. In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). See also *In re Bell,* 181 B.R. 311 (Bankr.N.D.Ohio 1995).

The Plaintiff argues that the debt in question is nondischargeable under § 523(a)(2), (4), and (6). Further, Plaintiff seeks to prevent a trial in this case through the application of the doctrine of collateral estoppel, also known as "issue preclusion." Issue preclusion prevents the relitigation of factual issues necessary to a prior judgment from being relitigated in a subsequent action between the same parties. *Thompson v. Wing,* 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994). The Plaintiff seeks to preclude the Defendant from the relitigation of the factual issues which underlie the Wood County civil and criminal judgments. The Defendant argues that issue preclusion is not appropriate in this case because pleas of no contest are inadmissible pursuant to Federal Rule of Evidence 410, and because there was no factual finding actually made in the state court proceedings.

This Court agrees and has held that Federal Rule of Evidence 410 prevents the admission of pleas of no contest, or judgments arrived therefrom. *In re Johns,* 158 B.R. 687 (Bankr.N.D.Ohio 1993). See also Barry Russell, Bankruptcy Evidence Manual § 410.1 (1997 ed.). However, this does not necessarily prevent the application of issue preclusion in this case.

The Sixth Circuit Court of Appeals, following the Supreme Court's decisions on the Full Faith and Credit Clause of the United States Constitution, has held that this Court must give the same issue preclusive effect to a state court judgment as it would be given under that state's law. *In re Calvert,* 105 F.3d 315 (6th Cir.1997). Under Ohio law, "mutuality of parties" is a requisite to collateral estoppel, which as a general principal requires that collateral estoppel operates only where all of the parties (or privies) were bound by the prior judgment. *Goodson v. McDonough Power Equip., Inc.,* 2 Ohio St.3d 193, 443 N.E.2d 978 (1983), *Ohio v. Williams,* 76 Ohio St.3d 290, 294–295, 667 N.E.2d 932, 935–936 (1996). Thus, it would not appear that issue preclusion could apply from the criminal action at issue herein, because the Plaintiff was not a party to the criminal action that would have been bound by that judgment. Further, due to differences between criminal and civil actions, it appears that under Ohio law an issue determined in a criminal action could not be used to preclude the relitigation of an issue in a latter civil proceeding. *Walden v. Ohio,* 47 Ohio St.3d 47, 51–52, 547 N.E.2d 962, 965–967 (1989), *Manley v. Rufus Club Mozambique, Inc.,* 111 Ohio App.3d 260, 263, 675 N.E.2d 1342, 1344 (1996), *Phillips v. Rayburn,* 113 Ohio App.3d 374, 381–382, 680 N.E.2d 1279, 1284 (1996). Accordingly, this Court finds that the Plaintiff may not use issue preclusion from the criminal case to this civil one.

Regarding the civil consent judgment, Ohio law clearly allows for the consent judgments to be given issue preclusive effect. *City of Columbus v. Alden E. Stilson & Associates,* 90 Ohio App.3d 608, 615, 630 N.E.2d 59, 63 (1993), citing *Horne v. Woolever,* 170 Ohio St. 178, 163 N.E.2d 378 (1959) and *Sponseller v. Sponseller,* 110 Ohio St. 395, 144 N.E. 48 (1924). However, any factual determination to be given preclusive effect must have been necessary to the prior judgment. *Walden,* 47 Ohio St.3d at 51, 547 N.E.2d at 966; *Hicks v. De La Cruz,* 52 Ohio St.2d 71, 74, 369 N.E.2d 776, 777 (1977). In this case, the Complaint filed in the civil case contained multiple causes of action. Though it appears that the factual determinations necessary for judgments based on most of these causes of action would be adequate to show nondischargeability under § 523(a)(2), (4), and (6), at least one is not. One of the

causes of action in the state court proceeding was breach of employment contract, which could be based on facts which would not give rise to a nondischargeable debt under the Bankruptcy Code. Accordingly, before this Court could give any issue preclusive effect to the civil consent judgment, a trial would be necessary at least to determine which portion of the consent judgment related to breach of contract, and whether this portion also arose from willful and malicious actions of the Debtor. Such a trial could be tantamount to a trial of the underlying dischargeability issues.

■■■■ However, this Court believes that this matter is largely resolved under § 523(a)(7) and the Supreme Court's holding in *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S.Ct. 353, 361, 93 L.Ed.2d 216 (1986). Though § 523(a)(7) would not appear on its face to provide for the nondischargeability of state court ordered restitution obligations, in *Kelly* the Supreme Court precisely held that it does. The Court looked to the existing case law at the time and concluded that Congress enacted the Code in 1978 against the background of an established judicial exception to discharge for criminal sentences, including restitution orders. *Id.* at 45–47, 107 S.Ct. at 359. The Court then concluded that Congress would not have intended to change this law without expressly saying so. *Id.* at 45–47, 107 S.Ct. at 359–360. The Court further concluded that § 523(a)(7) created a broad exception for all penal sanctions, and that restitution obligations (which differ from traditional fines in that restitution is forwarded to the victim) are included in this exception. *Id.* at 51–52, 107 S.Ct. at 362. Finally, the Court found that neither of the two qualifying phrases in § 523(a)(7), that the fines be "to and for the benefit of a governmental unit," and "not in compensation for actual pecuniary loss," allows the discharge of a criminal judgment that takes the form of restitution. *Id.* The Court explained:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

*Id.*

Following the Supreme Court's decision in *Kelly*, it can only be concluded that the Defendant's obligation to repay Plaintiff is a nondischargeable restitution order. Though the Defendant might try to distinguish *Kelly*, and the quotation above, on the basis that the settlement of both the criminal and the civil case was reached with the Plaintiff's input, this Court would refuse to give such an argument any efficacy. This Court will not question the State Court Judge's method of arriving at the amount of restitution he chose to impose upon the Defendant's plea of no contest. The fact that it may have been arrived at through the parties' negotiations does not change the nature of a restitution order, or distinguish this case from the Supreme Court rationale in *Kelly*, but rather only shows the State Court's concern for fairness, equity, and administrative efficiency. Criminal restitution was ordered, and it is nondischargeable. Thus, to the extent the consent judgment was incorporated in the restitution order, it is nondischargeable.

Some mention should be made as to the continued viability of the *Kelly* decision. An argument could be made that because Congress used the term "restitution" in § 523(a)(13), as added by the Bankruptcy Reform Act of 1994, and did not use the term in elsewhere, that they did not intend for restitution orders to be nondischargeable under § 523(a)(7). While this argument might have some efficacy were the two provisions written at the same time, historically this is not the case in this instance. In *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), the Supreme Court resolved a question left unresolved in *Kelly*,

whether criminal restitution orders are even "debts" that can be dealt with under the Bankruptcy Code. The Court held that they were, and accordingly held that they were dischargeable under the broader discharge provided for in a Chapter 13 case under § 1328(a). (Section 523(a)(7) was not one of the exceptions cited in § 1328(a) to Chapter 13 discharge, and therefore such debts were dischargeable.)

In reaction to the *Davenport* decision, Congress passed The Criminal Victims Protection Act of 1990 which added paragraph (3) to § 1328(a), which excludes from discharge in a Chapter 13 case debts for "restitution included in a sentence on the debtor's conviction of a crime." See S.Rep. No. 434, 101 Cong., 2d Sess. 8, *reprinted in* 1990 U.S.C.C.A.N. 405, 4071; H.R.Rep. No. 681(I), 101 Cong., 2d Sess. 165, *reprinted in* 1990 U.S.C.C.A.N. 472, 6571. Thus, debts for restitution are no longer dischargeable in Chapter 13 cases, as well as in Chapter 7 cases under *Kelly*, if the restitution requirement is included in a sentence on the debtor's conviction of a crime. *Hardenberg v. Commonwealth of Virginia, Dept. of Motor Vehicles*, 42 F.3d 986, 992 (6th Cir.1994). It is therefore clear that Congress continues to intend that restitution obligations will be nondischargeable.

Against this backdrop, the Bankruptcy Reform Act of 1994 addition of the § 523(a)(13) to the Bankruptcy Code can be seen as Congress's intent to provide for the nondischargeability of yet another kind of restitution obligation which was not already provided for under the Bankruptcy Code, restitution orders issued under title 18 of the United States Code. Again, Congress continues to intend that restitution obligations will be nondischargeable.

In the present case, Defendant was convicted of grand theft, a third degree felony, on May 14, 1996. As part of the state criminal sentencing, Defendant was ordered to pay restitution in the amount of One Hundred Thirty Thousand Dollars ($130,000.00). Based on the foregoing analysis, the Court finds that the restitution obligation of the Defendant in Case No. 95–CR–150 of the Wood County Court of Common Pleas is nondischargeable. However, the evidence presently before the Court does not give adequate detail as to the extent that the consent judgment was incorporated into the restitution obligation. Factual issues remain as to whether the state court intended, as part of Defendant's restitution obligation, to allow Plaintiff to use civil collection procedures against the Defendant. Further, such collection efforts may not be necessary if the restitution obligation is being, or could be, adequately enforced. If the restitution obligation does not include the Plaintiff's ability to use civil collection procedures, and the Plaintiff is not satisfied with the state court's enforcement of the restitution obligation, then a trial will be necessary to determine what portion of the One Hundred Thirty Thousand Dollar ($130,000.00) is based upon the Defendant's actions which would give rise to nondischargeable obligations. The Plaintiff would then only be able to use civil collection procedures to the extent the liability relates to nondischargeable obligations.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

***ORDERED*** that Plaintiff's Motion for Summary Judgment be, and is hereby, ***GRANTED*** in part and ***DENIED*** in part.