**In re Larry WILSON, Debtor.**

**National Auto Sales, Inc., Plaintiff,**

v.

**Larry Wilson, Defendant.**

**Bankruptcy No. 02–65149.**
**Adversary No. 02–6913.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 14, 2003.

Sharon Horner, Richmond, VA, for Plaintiff.

Larry Wilson, pro se.

### MEMORANDUM OPINION

DOUGLAS O. TICE, JR., Chief Judge.

Trial was held January 30, 2003, on complaint by plaintiff National Auto Sales, Inc., to determine the dischargeability of a claim against debtor defendant Larry Wilson. At trial plaintiff argued that the debt should be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(7).

The court finds that there is no basis to except the debt from debtor's discharge, and judgment will be entered for the debtor.

### *Findings of Fact.*

Debtor purchased a truck from plaintiff on November 2, 1999, for $5,500.00. He made a down payment of $1,966.00, and plaintiff financed the balance of the purchase price, taking back a perfected security interest in the vehicle.

After debtor fell behind in his monthly payments, plaintiff undertook to repossess the truck. Plaintiff's repossession of the vehicle was delayed for a period of time as it was unable to locate the vehicle because

debtor had moved and failed to notify plaintiff of his new address. Subsequently, as a consequence of plaintiff initially being unable to locate the vehicle, debtor was charged in the Circuit Court of the City of Richmond with the "[f]raudulent conversion or removal of property subject to lien or title to which is in another," a felony under the Virginia Criminal Code. Va.Code. Ann. § 18.2–115 (Michie 1996). Prior to debtor's trial on this charge, he entered into a plea agreement under which he pled guilty to the misdemeanor crime of fraud as an accessory after the fact. The Richmond Circuit Court found debtor guilty and additionally entered an order on April 30, 2002, requiring debtor to pay criminal restitution to plaintiff in an amount to be determined by the Civil Division of the Richmond General District Court.

Pursuant to the circuit court's order, plaintiff brought a civil suit in the general district court, and trial was set for June 24, 2002. The suit was dismissed after debtor filed the present chapter 7 case on June 17, 2002.

### Discussion and Conclusions of Law.

Plaintiff timely filed this adversary proceeding to determine the dischargeability of debtor's civil liability under the Richmond Circuit Court criminal restitution order. The complaint alleges the debt that remained to be determined by the general district court should be excepted from discharge under 11 U.S.C. § 523(a)(6) and (c). At trial, plaintiff presented no evidence that would support exception from discharge under § 523(a)(6). However, plaintiff argued that the debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(7).

Plaintiff's evidence fails to prove debtor committed any fraud under § 523(a)(2)(A). However, plaintiff's argument under § 523(a)(7) merits consideration.

Code § 523(a)(7) provides that a chapter 7 discharge does not discharge an individual debtor from a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty . . . ." [1] Although this section does not specifically mention criminal restitution, the Supreme Court in the case of *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), held the language of the provision was sufficiently broad to except from discharge a criminal restitution penalty that arose from a debtor's plea of guilty to larceny of Connecticut welfare benefits. The restitution at issue was payable by debtor to a state probation office, and under Connecticut law debtor's payments were forwarded to the victim of the larceny, the state welfare agency. The Supreme Court interpreted § 523(a)(7) based in part upon its "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings" and further "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration

---

1. The term "governmental unit" is defined in the Code as

United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Common-

wealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

11 U.S.C. § 101(27). The restitution order in this case requires payment to be made directly to plaintiff National Auto Sales, Inc., a private creditor.

of their criminal justice systems." 479 U.S. at 44, 47, 107 S.Ct. at 358, 360.

Subsequent to *Kelly v. Robinson,* the Supreme Court revisited the issue of criminal restitution payments, this time in a chapter 13 setting. In *Pennsylvania Dep't of Pub. Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), the Court held that a criminal restitution order constituted a "debt" that was subject to payment under a chapter 13 plan and consequent discharge in bankruptcy pursuant to 11 U.S.C. § 1328(a). In its opinion, the Court noted in dicta that under *Kelly v. Robinson,* both criminal and civil restitution were excepted from a chapter 7 discharge under § 523(a)(7). 495 U.S. at 562, 110 S.Ct. at 2132. Because of the Court's holding that restitution orders could be discharged in chapter 13, Congress in 1990 amended Code § 1328(a) to add subparagraph (a)(3), which excludes from the chapter 13 discharge "any debt ... for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime." 11 U.S.C. § 1328(a)(3).

The unresolved issue in the present case, in light of the cited Supreme Court decisions, is whether there is any distinction to be drawn from the fact that here the Virginia state court restitution was to be paid not to a "governmental unit" but directly to the plaintiff in an amount based on plaintiff's damages and to be determined in a subsequent civil court trial to be brought by plaintiff. The court has found no reported decision directly on point. However, a number of courts have considered the dischargeability of criminal restitution orders that direct payment to injured parties rather than to governmental units, and there is a split in the results.

It appears that a majority of decisions have held that criminal restitution orders payable to victims of a debtor's criminal conduct are excepted from discharge under authority of the Supreme Court's ruling in *Kelly v. Robinson.* These decisions give great weight to the Supreme Court's strongly worded opinion that bankruptcy courts should not invalidate "state criminal proceedings." 479 U.S. at 44, 47, 107 S.Ct. at 358, 360; *see Farmers Ins. Exch. v. Mills (In re Mills),* 290 B.R. 822 (Bankr. D.Colo.2003) (restitution order imposed under Colorado statute arising out of criminal charges following an automobile accident; court provides extensive and thoughtful analysis of why such restitution is for "the benefit of a governmental unit, and is not compensation for actual pecuniary loss."); *North Am. Sci. Association, Inc. v. Clark (In re Clark),* 222 B.R. 114 (Bankr.N.D.Ohio 1997) (civil and criminal restitution orders imposed on debtor's conviction for grand theft, payable to former employer, under *Kelly v. Robinson,* "neither of the two qualifying phrases in § 523(a)(7), that the fines be 'to and for the benefit of a governmental unit,' and 'not in compensation for actual pecuniary loss,' allows the discharge of a criminal judgment that takes the form of restitution." 222 B.R. at 118); *Neff v. Knodle (In re Knodle),* 187 B.R. 660 (Bankr. D.N.D.1995) (restitution order payable to clerk of district court representing debtor's obligations to all of the plaintiffs); *Clifford Elecs., Inc. v. Prieto (In re Prieto),* 169 B.R. 22 (Bankr.D.N.J.1994); *Zajder v. Hills Dep't Store (In re Zajder),* 154 B.R. 885 (Bankr.W.D.Pa.1993); *see also, U.S. v. Vetter,* 895 F.2d 456 (8th Cir.1990).

Another line of cases, including two courts of appeals decisions, recognize that the holding of *Kelly v. Robinson* is but dicta with respect to restitution orders requiring payment to individuals rather than to governmental units. These cases follow the plain language of § 523(a)(7) and hold that such orders are not excepted from

discharge under the statute. *See Rashid v. Powel (In re Rashid)*, 210 F.3d 201 (3d Cir.2000) (restitution payable to private individual was not "payable to and for the benefit of the governmental unit"); *In re Towers*, 162 F.3d 952, 953–954 (7th Cir. 1998), (restitution payable to state attorney general who would make payment to victims was not payable to or for the benefit of a governmental unit), *cert. denied* 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999); *Olson v. McNabb (In re McNabb)*, 287 B.R. 820 (Bankr.D.Colo.2003) (restitution not payable to governmental unit and was compensation for actual pecuniary loss); *cf., Mabey v. Ellis (In re Ellis)*, 224 B.R. 786 (Bankr.D.Idaho 1998) (state law restitution order against parents of juveniles who burglarized plaintiff's property held dischargeable because plaintiff failed to prove applicability of any element of § 523(a)(7)).

The statute prescribes a three part test: 1) the restitution order must be in the form of a "fine, penalty, or forfeiture;" 2) it must be paid "to and for the benefit of a governmental unit;" and 3) it may not be "compensation for actual pecuniary loss ...." 11 U.S.C. § 523(a)(7). On its face, the second and third elements do not appear to apply to restitution orders that direct payment of damages to non-governmental victims of a debtor's transgressions. However, as to the third element, decisions on both sides of the issue have held that a private order of restitution is not compensation for actual pecuniary loss. For example, *In re Rashid* held that restitution is a fine, intended to serve as a deterrent. *See* 210 F.3d at 206. *In re Mills* held that "so long as the government's interest in enforcing a debt is *penal*, it makes no difference that

[an] injured person may thereby receive compensation for pecuniary loss." 290 B.R. 822, 838 (Bankr.D.Colo.2003) (emphasis in original). In *U.S. Dep't of Hous. & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va.*, 64 F.3d 920 (4th Cir.1995), our court of appeals held nondischargeable a restitution order payable to HUD, who would pay some of the recovery to individual victims of defendants' illegal activities. The court stated "that so long as the government's interest in enforcing a debt is *penal*, it makes no difference that injured persons may thereby receive compensation for pecuniary loss." *Id.* at 928 (emphasis in original).

Case decisions have divided over the statute's second element, that the restitution must be paid "to and for the benefit of a governmental unit." The bankruptcy court in *In re Mills* found that an individual restitution order was in effect for the benefit of the state "[b]ecause criminal proceedings focus on the State's interest in rehabilitation and punishment, rather than the victim's desire for compensation ...." *Id.* at 836.[2] This interpretation of benefit was rejected by the Third Circuit in *Rashid*, which found that it "would pervert the clear, unambiguous language of § 523(a)(7) if we found that Rashid's restitution obligation was 'payable to' a governmental unit." 210 F.3d at 208.

This court will follow the rulings of the courts of appeals in *Rashid* and *Towers*. I find unpersuasive the reasoning of the decisions that find restitution orders payable to individuals are nevertheless payable "to and for the benefit of a governmental unit." 11 U.S.C. § 523(a)(7). That reasoning relies too much on dicta, it flies in the face of the plain wording of the statute,

**2.** In *Mills,* Judge Brooks placed a great deal of emphasis on the Colorado statute under which restitution had been ordered, noting

that the statute's stated goals of restitution "are to rehabilitate the offenders and to deter future criminal actions." 290 B.R. at 837.

and it is particularly unpersuasive in the present case.

Thus, *Kelly v. Robinson* is distinguishable from this case because the criminal restitution imposed on debtor here is plainly not payable to or for the benefit of a governmental unit.[3] The criminal court's order directs debtor to pay restitution based upon the amount of plaintiff's loss from debtor's actions in failing to effect a timely turnover of property. In fact, plaintiff's claim of $4,089.60 represents the balance debtor owes on his truck loan following repossession. Additionally, the amount of restitution was not ordered by the criminal court, which left the amount to be determined by a civil court in a separate law suit. Even if the restitution is considered penal in nature and thus not reimbursement for actual pecuniary loss, it remains reimbursement for the benefit of a non-governmental creditor. Therefore, the debt cannot be excepted from discharge under § 523(a)(7).

A separate order will be entered.

---

**3.** The court has found no Fourth Circuit cases that consider the precise issue raised here. The following cases excepted from discharge obligations that were penal in nature or restitution to be paid to governmental units. *U.S. Dep't of Hous. & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va.*, 64 F.3d 920 (4th Cir.1995); *Thompson v. Virginia (In re Thompson)*, 16 F.3d 576 (4th Cir.1994), *cert. denied*, 512 U.S. 1221, 114 S.Ct. 2709, 129 L.Ed.2d 836 (1994) (court costs imposed in criminal conviction); *Tennessee v. Hollis (In re Hollis)*, 810 F.2d 106 (6th Cir.1987); *U.S. v. Prodan*, 181 B.R. 279 (E.D.Va.1995) (criminal restitution payable to United States).